***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the jurisdiction of the North Carolina Industrial Commission.
2. The employee-employer relationship existed between the plaintiff-employee and defendant-employer on or about March 4, 2002.
3. The carrier liable on risk is ACE USA.
4. Plaintiff sustained an injury by accident on March 4, 2002, arising out of and in the course of his employment.
5. Plaintiff's average weekly wage is $648.00.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was fifty years of age at the time of the hearing before the Deputy Commissioner; he has a high school education and trade school experience in mechanics and welding.
2. Plaintiff worked for defendant-employer for eleven years at the time of his injury.
3. For the first two years of his employment, plaintiff worked as a grinder. He was then promoted to a supervisor position which requires him to frequently lift fifty pound blocks of ice and to frequently stack twenty-seven tire hubs onto a pallet. Once the hubs are on the pallet and have been shot with ice, Mr. Huntley flips them over so that the other side of the hub can be shot with ice.
4. On March 4, 2002, Mr. Huntley sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer when he slipped and fell on hydraulic fluid and injured his right elbow and his right hip.
5. On or about March 20, 2002, defendants filed a Form 60 accepting plaintiff's right hip and right elbow claim.
6. Mr. Huntley was paid total disability compensation for the few days he did miss work.
7. Defendants arranged for plaintiff to be treated by Dr. Jeffrey Daily at Miller Orthopedic Clinic for complaints of pain in his right leg and elbow.
8. Plaintiff returned to work for defendant-employer on March 18, 2002 at a light duty forklift job which lasted two to three weeks. Mr. Huntley then resumed his regular duties with modifications
9. Plaintiff is not claiming he is owed any total disability compensation to date.
10. On June 5, 2002, because plaintiff was complaining of elbow pain, Dr. Daily recommended mild activity modifications; then on June 27, 2002, Dr. Daily recommended a steroid injection and prescribed Ultracet and Bextra.
11. On July 25, 2002, Dr. Daily reported that plaintiff's elbow symptoms were still present.
12. On October 29, 2002, Dr. Daily assigned a permanent partial disability rating of ten percent to the right elbow and released Mr. Huntley at maximum medical improvement, although plaintiff still complained of elbow pain.
13. The North Carolina Industrial Commission approved a Form 21 on February 18, 2003 with regard to plaintiff's right elbow injury. The carrier paid the 10% disability rating to Mr. Huntley for his elbow injury.
14. One week later after the Form 21 approval, and four months after being released at maximum medical improvement, Mr. Huntley returned to Dr. Daily with complaints concerning his elbow.
15. At that office visit, Dr. Daily discussed with Mr. Huntley the option of elbow replacement surgery. On April 2, 2003, plaintiff decided to proceed with elbow replacement surgery.
16. On or about April 18, 2003, defendants denied the proposed surgery.
17. Prior to the March 4, 2002 accident, plaintiff as a child experienced a non-work related injury to his right elbow, which resulted in a fairly significant persistent deformity. The abnormality seen on the x-ray of plaintiff's elbow could not have been caused by plaintiff's work related injury.
18. Dr. Daily has discussed the possibility of having an elbow replacement with plaintiff, but at this time has not recommended the elbow replacement surgery.
19. The injury by accident that plaintiff experienced on March 4, 2002 substantially aggravated the pre-existing conditions of his elbow and has caused symptoms that have led to the discussion of elbow replacement surgery.
20. Plaintiff is a candidate for elbow replacement surgery, however, Dr. Daily feels that surgery should not be performed at this time as it will place greater restrictions on plaintiff and joint replacement surgeries have a greater success rate when the candidate is older.
21. Plaintiff claims that he is entitled to attorney fees for defendants' unfounded litigiousness in defending this claim. After careful review of all the evidence, the Full Commission finds that defendants did not unreasonably defend this claim.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of plaintiff's admitted injury by accident of March 4, 2002, he significantly aggravated a pre-existing condition which has caused symptoms that may require elbow replacement surgery in the future. N.C. Gen. Stat. §§ 97-2(6), 97-25.1.
2. Plaintiff has not shown that this case was defended in a stubborn and unfounded manner. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall continue to pay for all treatment to plaintiff's elbow as a result of his admitted injury by accident of March 4, 2002 for so long as such treatment effects a cure, gives relief, or tends to lessen plaintiff's period of disability. This includes any elbow replacement surgery, if his treating physician recommends said surgery.
2. Defendants shall pay the costs including an expert witness fee of $400.00 to Dr. Jeff Daily.
3. Plaintiff's motion for attorney fees is hereby denied.
 ***********
This the 19th day of November 2004
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DCS/mb